UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY TEPEDINO,<br><br>Defendant. | **INDICTMENT**<br><br>S1 25 Cr. 562 (RMB) |

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud and Honest Services Wire Fraud)**

The Grand Jury charges:

1. From at least in or about 2017 through in or about 2024, in the Southern District of New York and elsewhere, ANTHONY TEPEDINO, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343, and honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346.

2. It was a part and an object of the conspiracy that ANTHONY TEPEDINO, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, TEPEDINO agreed to and did engage in a scheme with two co-conspirators (respectively, "CC-1" and "CC-2") to fraudulently obtain money from a telecommunications construction and engineering company (the

"Construction Company"), of which TEPEDINO was the Chief Executive Officer, founder, and sole shareholder, by submitting false statements and representations about two non-operational shell companies (respectively, "Shell Company-1" and "Shell Company-2") in order to induce the Construction Company to issue payments to Shell Company-1 and Shell Company-2, and TEPEDINO sent and received, and caused others to send and receive, electronic transfers of funds and electronic communications, including emails, telephone calls, and text messages, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

3. It was further a part and object of the conspiracy that ANTHONY TEPEDINO, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and to deprive the Construction Company's largest customer (the "Victim Company") of its intangible right to the honest services of CC-2, who was then a senior manager at the Victim Company, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346, to wit, TEPEDINO, with the help of CC-1, agreed to and did pay bribes and kickbacks to CC-2 in exchange for CC-2, among other things, steering new contracts from the Victim Company to the Construction Company, assigning work from the Victim Company to the Construction Company, and approving invoices from the Construction Company for payment from the Victim Company, and TEPEDINO sent and received, and caused others, including CC-1, to send and receive, electronic transfers of funds and electronic communications, including emails, telephone calls, and text messages, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

**COUNT TWO**
**(Wire Fraud)**

The Grand Jury further charges:

4. From at least in or about 2017 through at least in or about 2024, in the Southern District of New York and elsewhere, ANTHONY TEPEDINO, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, TEPEDINO engaged in a scheme with CC-1 and CC-2 to fraudulently obtain money from the Construction Company by submitting false statements and representations about Shell Company-1 and Shell Company-2 in order to induce the Construction Company to issue payments to Shell Company-1 and Shell Company-2, and TEPEDINO sent and received, and caused others to send and receive, electronic transfers of funds and electronic communications, including emails, telephone calls, and text messages, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT THREE**
**(Honest Services Wire Fraud)**

The Grand Jury further charges:

5. From at least in or about 2018 through in or about 2024, in the Southern District of New York and elsewhere, ANTHONY TEPEDINO, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and to deprive the Victim Company of its

intangible right to the honest services of CC-2, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, TEPEDINO paid bribes and kickbacks to CC-2 in exchange for CC-2, among other things, steering new contracts from the Victim Company to the Construction Company, assigning work from the Victim Company to the Construction Company, and approving invoices from the Construction Company for payment from the Victim Company, and TEPEDINO sent and received, and caused others to send and receive, electronic transfers of funds and electronic communications, including emails, telephone calls, and text messages, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343, 1346, and 2.)

**COUNT FOUR**
**(Aggravated Identity Theft)**

The Grand Jury further charges:

6. From at least in or about 2018 through at least in or about 2024, in the Southern District of New York and elsewhere, ANTHONY TEPEDINO, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, TEPEDINO used and transferred the first and last name, phone number, address, and government identification of a third party ("Individual-1") during and in relation to the conspiracy to commit wire fraud and honest services wire fraud, wire fraud, and honest services wire fraud violations charged in Counts One, Two, and Three of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

**COUNT FIVE**
**(Bank Fraud)**

The Grand Jury further charges:

7. From at least in or about 2021 through in or about 2022, ANTHONY TEPEDINO, the defendant, and others known and unknown, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, TEPEDINO made and caused to be made material misrepresentations and omissions to the Construction Company's largest creditor (the "Victim Bank") in order to induce the Victim Bank to issue credit and loans to the Construction Company, and in doing so, obtained and attempted to obtain moneys, funds, and property owned by and under the custody and control of the Victim Bank.

(Title 18, United States Code, Sections 1344 and 2.)

**COUNT SIX**
**(Witness Tampering)**

The Grand Jury further charges:

8. In or about 2024 and 2025, in the Southern District of New York and elsewhere, ANTHONY TEPEDINO, the defendant, knowingly used intimidation, threatened, and corruptly persuaded another person, and attempted to do so, with intent to influence, delay, and prevent the testimony of any person in an official proceeding, to wit, TEPEDINO met with a potential witness, CC-1, and suggested that CC-1 adopt a false narrative regarding facts that were the subject of a federal grand jury investigation being conducted in the Southern District of New York.

(Title 18, United States Code, Section 1512(b)(1).)

**COUNT SEVEN**
**(Witness Tampering)**

The Grand Jury further charges:

9. In or about 2024, in the Southern District of New York and elsewhere, ANTHONY TEPEDINO, the defendant, knowingly used intimidation, threatened, and corruptly persuaded another person, and attempted to do so, with intent to influence, delay, and prevent the testimony of any person in an official proceeding, to wit, TEPEDINO met with a potential witness, CC-2, and suggested that CC-2 adopt a false narrative regarding facts that were the subject of a federal grand jury investigation being conducted in the Southern District of New York.

(Title 18, United States Code, Section 1512(b)(1).)

**FORFEITURE ALLEGATIONS**

10. As a result of committing the offenses alleged in Counts One, Two, and Three of this Indictment, ANTHONY TEPEDINO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

11. As a result of committing the offense alleged in Count Five of this Indictment, ANTHONY TEPEDINO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

**Substitute Assets Provision**

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

[redacted]
FOREPERSON

JAY CLAYTON
United States Attorney