**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

-against-

ANTHONY TEPEDINO,

Defendant.

25 Cr. 562 (RMB)

**<u>ORDER</u>**

Defendant Anthony Tepedino's (letter) motion requesting a subpoena against Verizon Sourcing LLC ("Verizon") pursuant to Fed. R. Crim. P. 17(c) was submitted to the Court on March 16, 2026.  Dkt. No. 50.  In response, the Government has sought to quash in a cross motion filed on March 17, 2026.  Defendant filed a response on March 18, 2026.

Having thoroughly reviewed the parties' submissions and, for the reasons stated below, the Defendant's Motion is denied without prejudice.

## I.       BACKGROUND

The Government has charged Defendant with: (1) conspiracy to commit wire fraud and honest services fraud; (2) wire fraud; (3) honest services wire fraud; (4) aggravated identity theft; (5) bank fraud; and (6) two counts of witness tampering.  Dkt. No. 44 ("Superseding Indictment" or "S1").  The Superseding Indictment alleges that Defendant was the Chief Executive Officer, founder, and sole shareholder of Allstate Sales Group ("ASG").  S1 ¶ 2.  The Government claims that Defendant "stole more than $5 million from [ASG] through a series of lies and false documents." Dkt. No. 1.

Verizon was ASG's largest customer.  S1 ¶ 3.  Coconspirator-2 ("CC-2") was "a senior manager at Verizon." *Id.*  Defendant is accused of "[paying] bribes and kickbacks to CC-2 in exchange for CC-2, among other things, steering new contracts from Verizon to [ASG]." *Id.* ¶ 5.

1

Defendant proposes a subpoena of five categories of documents:

(1) All contracts between Verizon or its affiliates and ASG, including but not limited to the master agreements and any amendments, restatements, renewals, modifications, or sub-agreements thereto (collectively, the "ASG Contracts");
(2) All internal Verizon communications regarding approval of ASG Contracts;
(3) All statements of work, purchase orders, invoices, payments, and receipts regarding ASG Contracts or any other work ASG completed for Verizon that supported Verizon's payments to ASG;
(4) All completion certificates, punch list inspections, approvals, or sign-offs prior to payment by Verizon for work performed under ASG Contracts; and
(5) All documents and communications regarding any internal investigation by Verizon or its attorneys into allegations of bribes or kickbacks in connection with ASG Contracts.  Dkt. No. 57 at 2–3; Dkt. No. 59 at 4, 7.

## II.    Legal Standard

The Supreme Court's test which derives from *United States v. Nixon* requires that, "[a] subpoena must meet three criteria: '(1) relevancy; (2) admissibility; [and] (3) specificity.'" *United States v. Ulbricht*, 858 F.3d 71, 109 (2d Cir. 2017) (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)); *see also United States v. Skelos*, 2018 WL 2254538, at *1 (S.D.N.Y. May 17, 2018), *aff'd,* 988 F.3d 645 (2d Cir. 2021) ("[C]ourts in the Second Circuit have almost unanimously applied *Nixon* to subpoenas served on third-parties."). "If [the *Nixon*] factors are not met, then the subpoena *duces tecum* is deemed 'unreasonable or oppressive' and must be quashed under Rule 17(c)(2)." *United States v. Tagliaferro*, 2021 WL 980004, at *2 (S.D.N.Y. Mar. 16, 2021). "On motion made promptly, the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

"[Rule 17(c)] is not meant to 'provide an additional means of discovery' in criminal cases. *Tagliaferro*, 2021 WL 980004, at *2 (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). "[A] broadly drawn and unspecific subpoena *duces tecum* must be quashed under Rule 17(c). *Id.* "Subpoena requests must be focused on finding particular documents that are relevant and admissible." *Skelos*, 2018 WL 2254538, at *3. "[I]t is not enough that [the documents sought] contain information which could be admissible." *Id.* at *2

(internal quotations omitted).  "Subpoenas seeking 'any and all' materials, without mention of specific admissible evidence, justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*."  *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) (cleaned up).

### III.    Discussion

The Defendant's subpoena is broadly drawn and unspecific (e.g., "[a]ll contracts . . .; "[a]ll internal . . . communications . . .; "[a]ll documents and communications . . .).  It "must be quashed under Rule 17(c)."  *Tagliaferro*, 2021 WL 980004, at *2.  Defendant seeks a wide array of materials, without regard to whether they are admissible.  Dkt. No. 57 at 4.  Each request "seeks 'all' documents . . . rather than identifiable pieces of evidence."  *United States v. Barnes*, 2008 WL 9359654, at *4 (S.D.N.Y. Apr. 2, 2008).  The subpoena seems likely "intended as a discovery device rather than as a mechanism for obtaining specific admissible evidence."  *Id.*; *see also Mendinueta-Ibarro*, 956 F. Supp. at 513; *United States v. Pena*, 2016 WL 8735699, at *3 (S.D.N.Y. Feb. 12, 2016); *United States v. Weisberg*, 2010 WL 5027537, at *2 (E.D.N.Y. Dec. 3, 2010); *Tagliaferro*, 2021 WL 980004, at *3.

Nor is Defendant's proposed subpoena "focused on finding particular documents that are relevant and admissible."  *Skelos*, 2018 WL 2254538, at *3; *see also United States v. Silver*, 948 F.3d 538, 562 n.14 (2d Cir. 2020) ("It is no defense that an official would have taken certain actions regardless of any alleged bribe."); *United States v. Manton*, 107 F.2d 834, 846 (2d Cir. 1939); *United States v. Alfisi*, 308 F.3d 144, 151 (2d Cir. 2002); *United States v. Avenatti*, 432 F. Supp. 3d 354, 362 (S.D.N.Y. 2020).  **"Once [a] trial court ha[s] determined that [a] tendered defense fail[s], evidence going to that defense [is] irrelevant [under Rule 401] since it [is] of**

no '**consequence to the determination of the action.**'" *United States v. Bifield*, 702 F.2d 342, 350 (2d Cir. 1983).

In addition, "the [D]efendant has already obtained from the Government copies of all contracts." Dkt. No. 57 at 3. Defendant may not "force a non-party by subpoena to replicate all or part of the government's discovery productions in the hope that the non-party's production will produce something more." *United States v. Bergstein*, 2017 WL 6887596, at *5 (S.D.N.Y. Dec. 28, 2017).

**IV.    Conclusion**

The Defendant's motion [Dkt. No. 50] is denied without prejudice.

Date:   April 6, 2026
New York, New York

**RICHARD M. BERMAN, U.S.D.J.**